IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE DENHAM, individually, and as
Personal Representative for the Estates of
Fanny Denham, Sr., and Milton Denham;
SHIRLEY DENHAM and SAMMY BONILLA,
as Personal Representatives for the Estate
of Fanny Denham, Jr.,

    Plaintiffs,

 vs.                No. CIV 97-359 LH/LFG

UNIROYAL TIRE COMPANY,

    Defendant.

## MEMORANDUM AND ORDER
## RECOMMENDING DISMISSAL

  THIS MATTER is before the Court *sua sponte*. On April 22, 1998, Defendant, Uniroyal Tire Company ("Uniroyal"), served and filed its motion to dismiss for failure to comply with Court orders and failure to provide discovery [Doc. 44]. Plaintiffs did not to respond to this motion. Failure to file a response constitutes consent to the grant of a motion. D.N.M.LR-Civ. 7.5(b). The Court determines that Plaintiffs consented to the dismissal of their claims with prejudice and that the motion should be granted. Notwithstanding the Plaintiffs' consent to dismissal, the Court, nevertheless, reviews Uniroyal's motion on its merits.

  In civil litigation, a citizen is privileged and, indeed, welcome to represent his own interests before the court. He is bound, however, to the same rules of practice and procedure that apply to any licensed attorney. The Plaintiffs, who represent themselves in a pro se capacity, must nonetheless

fully comply with all rules of practice and procedure, together with all court orders and directives. The failure to comply with the rules of procedure or failure to comply with court orders and directives may result in imposition of sanctions, including dismissal of a lawsuit. <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992).

Defendant sought, unsuccessfully, to obtain discovery from the Plaintiffs. On January 22, 1997, Uniroyal served Plaintiffs with interrogatories and requests for production while this case was pending in the state court. On February 13, 1997, Uniroyal granted Plaintiffs a three-week extension of time within which to answer and respond to the January 22, 1997 interrogatories and requests for production. Plaintiffs failed to answer the interrogatories or produce the documents requested.

Following removal of this litigation to the federal forum, Uniroyal was authorized by the Court to serve a second set of interrogatories and first amended request for production of documents. Again, Plaintiffs requested an extension of time to answer the questions and respond to the discovery requests. Plaintiffs neither responded to the discovery request nor produced the documents. Plaintiffs did not seek any further extension of time so as to comply. As a result of Plaintiffs' failure to comply with discovery obligations, Uniroyal filed its motion to dismiss the claims of Willie Denham, individually and as Personal Representative of the Estates of Fanny Denham, Sr. and Milton Denham [Doc. 28]. The Court denied the motion to dismiss; however, on March 17, 1998, the Court ordered Willie Denham, individually and in his capacity as Personal Representative, to provide answers to the discovery requests within ten days. The Court also imposed sanctions as a result of Denham's prior non-compliance with his discovery obligations. Further, the Court warned that failure to comply with the order could result in imposition of sanctions, including dismissal of his case with prejudice. Notwithstanding the Court's directive, Willie Denham didn't answer the

interrogatories; didn't produce the documents requested; nor did he pay the sanctions ordered by the Court.

On March 26, 1998, the Court conducted a Rule 16 scheduling conference and again directed Plaintiff Denham to provide answers and responses to outstanding discovery requests propounded by Uniroyal.

As a result of Plaintiffs' failure to cooperate with their attorneys, and as a result of other confidential matters contained in Plaintiffs' counsel's letter to the Court, which was filed under seal, the Court authorized Plaintiffs' counsel to withdraw as counsel. The Court also directed that Plaintiffs' counsel advise Plaintiffs of their obligation to respond to outstanding discovery and that failure to respond could result in imposition of sanctions, including dismissal of Plaintiffs' case with prejudice. The Court, *sua sponte*, extended the time within which Plaintiffs were required to respond to discovery [Doc. 40]. This extension was granted in light of the order allowing Plaintiffs' counsel to withdraw.

On April 14, 1998, Plaintiffs' counsel filed a certificate indicating that he advised the Plaintiffs of their outstanding discovery obligations and that non-compliance with the same could result in the imposition of sanctions, including dismissal with prejudice [Doc. 41].

It is undisputed that Plaintiffs failed to respond to discovery and have otherwise failed to comply with the Court's orders and directives. Imposition of sanctions is appropriate.

The determination of an appropriate sanction is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds. Yet, dismissal of a party's lawsuit with prejudice represents an extreme sanction and is appropriate only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). If lesser sanctions are sufficient to deter an errant party from further misconduct,

then a sanction other than dismissal should be utilized.  Generally, the Court will consider dismissal of a lawsuit only as a last, rather than as the first, resort.  Id.

The factors the Court considers in determining the appropriate sanction include:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

### Prejudice to Defendant

Plaintiffs' failure to abide by the rules of procedure and failure to comply with this Court's orders results in prejudice to the Defendant.  The rules of procedure provide for an orderly and expeditious method of resolving civil disputes.  When one party simply refuses to comply with the rules that govern the processing of cases, as here, the other party is necessarily prejudiced.  Delays are inevitable as are increased costs.  The rules of engagement in civil litigation place equal burdens and responsibilities on the parties.  Here, Plaintiffs' failure to "play by the rules" denies Defendant an opportunity to discover the evidence necessary to defend itself from Plaintiffs' claims.

Defendant is left to guess whether Plaintiffs have any evidence to support their contentions. While Defendant is aware of the allegations in Plaintiffs' complaint, it is nonetheless forced to speculate as to many aspects of the Plaintiffs' claims.  Because Plaintiffs failed in their discovery obligations, Defendant is denied a proper opportunity to investigate, evaluate and mount a defense to Plaintiffs' lawsuit.  Defendant incurs additional costs and fees as a result of Plaintiffs' disregard of their obligations. The delays caused by Plaintiffs' failures to comply with discovery obligations and the rules of civil procedure unnecessarily prolong this litigation.  As a result, the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, are thwarted.  In the interim, a cloud of litigation hangs

over Defendant's head.  The Court concludes that Defendant has been severely prejudiced as a result of Plaintiffs' non-compliance.

### Interference With the Judicial Process

Case management deadlines are imposed by the Court as a means of complying with congressional mandates under the Civil Justice Reform Act.  This Act is intended, in part, to minimize expense and to advance the ultimate disposition of litigation.  The establishment of case management deadlines expedites the disposition of cases and lessens the financial burdens implicit in litigation.  Here, Plaintiffs' failure to comply with discovery obligations, rules of procedure and Court orders interferes with the Court's ability to effectively manage this case and bring it to a final disposition within a specified target date.  The discovery failures already delayed the processing of the case and increased litigation costs.  Plaintiffs simply ignored their prior attorneys' requests for assistance and flagrantly ignored the Court's directives to produce information necessary for the defense of this case.  These acts significantly interfere with the judicial process.

### Culpability of Litigant

The Court next considers the culpability of the litigant.  If the failure to comply with discovery obligations or Court directives is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction.  In re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987).  When Defendant first filed a motion to dismiss as a result of Plaintiffs' failure to provide discovery, the Court expressed concern that the fault may be counsel's rather than the client's.  No discovery had been provided and no response to the motion to dismiss was filed.  Because of the Court's concern that Plaintiffs' counsel was to blame for the discovery failures, the Court denied Defendant its request to dismiss, but directed Plaintiffs to fully

5

comply with discovery obligations and, further, imposed sanctions.

Shortly thereafter, Plaintiffs' counsel moved to withdraw from this litigation for reasons stated in a confidential letter to the Court.[1]  The Court determined that good cause was shown so as to authorize Plaintiffs' counsel to withdraw from this litigation.  Suffice to say, that Plaintiffs' failures to cooperate with counsel played a significant role in the Court's determination that counsel should be allowed to withdraw from this litigation.  Plaintiffs now represent themselves.  Thus, failures to comply with discovery obligations, rules of procedure and the Court's directives falls squarely on the Plaintiffs' own shoulders.

Plaintiffs' prior attorney gave ample warning to the Plaintiffs of the consequences that could befall them if they refused to comply with discovery obligations.  Moreover, the Court's own orders and directives warned of the consequences that could be suffered.  Notwithstanding these warnings, Plaintiffs took no action to comply with the Court's orders.  The Court concludes that Plaintiffs are the appropriate persons to suffer the consequences.

## **Prior Warnings**

The Court considers whether it gave prior warnings that the lawsuit may be dismissed.  See, e.g., Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988), *cert. denied.*, 488 U.S. 103 (1989).  On March 17, 1998, the Court issued its order imposing sanctions and directing Plaintiffs to respond to discovery [Doc. 31].  The Court reviewed each of the Ehrenhaus standards and, while it denied the motion to dismiss, ordered Plaintiffs to fully comply with their discovery obligations.  The Court concluded by stating, "Denham is warned that failure to comply with the present order

---

[1] The ex parte letter was sent to the Court with the concurrence of opposing counsel.  The letter, filed under seal, is part of the Court's file.

compelling discovery or order imposing sanctions could result in imposition of additional sanctions, including dismissal of his case with prejudice." [Doc.31, p. 5].

At the subsequent Rule 16 status conference, the Court orally advised Plaintiffs' counsel that if Plaintiffs failed to comply with discovery obligations, they would face imposition of sanctions, including dismissal. On April 6, 1998, the Court authorized Plaintiffs' counsel to withdraw and, *sua sponte*, extended time within which Plaintiffs could comply with discovery requests. The Court's order states in part:

> By virtue of this present order allowing withdrawal of counsel, the Court *sua sponte* extends the time for Plaintiffs to fully answer all outstanding interrogatories and to produce all documents previously requested no later than April 13, 1998.
>
> Failure to fully respond to the interrogatories or to provide all documents requested could result in imposition of sanctions, including dismissal of Plaintiffs' case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

Finally, on April 14, 1998, Plaintiffs' former counsel certified that "[B]y letter, they have specifically advised the Plaintiffs, our former clients, of their outstanding discovery obligations, and that non-compliance with the same may result in sanctions by the Court, including dismissal of their claims." [Doc. 41].

It is clear that Plaintiffs were given multiple warnings of the consequences that could be imposed. Plaintiffs have chosen to ignore those warnings. The Court concludes that Plaintiffs were appropriately warned of the potential consequences of their violations.

### Efficacy of Lesser Sanctions

On a prior occasion, Defendant sought dismissal of this lawsuit as a result of Plaintiffs' refusal to comply with discovery. The Court denied Uniroyal's application, imposed sanctions on Plaintiffs

and warned Plaintiffs of the consequences of future violations. Notwithstanding the Court's earlier warnings, Plaintiffs continue, undeterred, to violate their obligations.

As noted previously, dismissal is a severe sanction, and if a lesser sanction such as a warning or imposition of a monetary fine is sufficient to deter the errant party from misconduct, that sanction is appropriately used. Here, the Court has used and has exhausted that option. The Court imposed monetary sanctions and gave multiple warnings. Both the sanctions' order and the warnings have been disregarded. Plaintiffs decline to abide the by the Court's orders and their obligations. The Court has no optimism that the imposition of monetary sanctions or additional sanctions short of dismissal would compel the Plaintiffs to comply with future directives.

Accordingly, after consideration of the <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the District Court with a recommendation that Plaintiffs' lawsuit be dismissed with prejudice.[2]

_____
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFFS:
Willie Denham, pro se
Shirley Denham, pro se
Sammy Bonilla, pro se

ATTORNEYS FOR DEFENDANT:
Alfred L. Green, Jr., Esq.
Emily A. Franke, Esq.

---

[2] Within ten (10) days after a party is served with a copy of this Memorandum and Order Recommending Dismissal, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such memorandum and proposed recommendation. A party must file any objections with the ten-day period allowed if that party wants to have appellate review of the memorandum and proposed recommendation. If no objections are filed by May 15, 1998, no appellate review will be allowed.